UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHARLES FREDERICK FELL, )<br>  )<br>     Plaintiff, )<br>  )<br>  v. )<br>  )<br> MARTIN J. O'MALLEY, )<br> Commissioner of Social Security, )<br>  )<br>     Defendant. ) | Case No. 1:23-CV-176-HAB |

**OPINION AND ORDER**

This matter comes before the Court on Plaintiff Charles Frederick Fell's ("Fell") appeal of the Social Security Administration's Decision dated October 13, 2022 (the "Decision") which found that Fell was not disabled and not entitled to disability benefits. The parties have briefed the appeal. After considering the briefing and the administrative record, the Court finds, for the following reasons, that the Decision must be reversed and remanded.

**ANALYSIS**

*Standard of Review*

A claimant who is found to be "not disabled" may challenge the Commissioner's final decision in federal court. This Court must affirm the ALJ's decision if it is supported by substantial evidence and free from legal error. 42 U.S.C. § 405(g); *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002). Substantial evidence is "more than a mere scintilla of proof." *Kepple v. Massanari*, 268 F.3d 513, 516 (7th Cir. 2001). It means "evidence a reasonable person would accept as adequate to support the decision." *Murphy v. Astrue*, 496 F.3d 630, 633 (7th Cir. 2007); *see also Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.") (citation and quotations

omitted). In determining whether there is substantial evidence, the Court reviews the entire record. *Kepple*, 268 F.3d at 516. However, review is deferential. *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). A reviewing court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner." *Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)). Nonetheless, if, after a "critical review of the evidence," the ALJ's decision "lacks evidentiary support or an adequate discussion of the issues," this Court will not affirm it. *Lopez*, 336 F.3d at 539 (citations omitted).

While the ALJ need not discuss every piece of evidence in the record, he "must build an accurate and logical bridge from the evidence to [the] conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). Further, the ALJ "may not select and discuss only that evidence that favors his ultimate conclusion," *Diaz*, 55 F.3d at 308, but "must confront the evidence that does not support his conclusion and explain why it was rejected," *Indoranto v. Barnhart*, 374 F.3d 470, 474 (7th Cir. 2004). Ultimately, the ALJ must "sufficiently articulate his assessment of the evidence to assure" the court that he "considered the important evidence" and to enable the court "to trace the path of the ALJ's reasoning." *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985) (internal quotation marks omitted)).

***Procedural Background***

Fell filed for disability benefits on May 19, 2021 alleging he became disabled on January 17, 2019. His claim was denied initially and on reconsideration. On June 23, 2022, a telephone hearing was held before an ALJ. During the hearing Fell, through his representative, amended his alleged onset date from January 17, 2019 to January 29, 2021. On October 13, 2022, the ALJ issued

a Decision finding Fell not disabled. This appeal followed.

***The ALJ's Decision***

A person suffering from a disability that renders him unable to work may apply to the Social Security Administration for disability benefits. *See* 42 U.S.C. § 423(d)(1)(A) (defining disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. § 423(d)(2)(A). If a claimant's application is denied initially and on reconsideration, he may request a hearing before an ALJ. *See* 42 U.S.C. § 405(b)(1).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits: (1) whether the claimant is currently employed, (2) whether the claimant has a severe impairment, (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment, whether he has the residual functional capacity to perform his past relevant work, and (5) whether the claimant is capable of performing any work in the national economy. *See* 20 C.F.R. § 404.1520(a*); Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). If step four is answered in the affirmative, the inquiry stops and the claimant is found to be not disabled. If step four is answered in the negative, the ALJ proceeds to step five.

Here, at step one, the ALJ found that Fell did not engage in substantial gainful activity since

January 29, 2021, the alleged onset date.  At step two, the ALJ determined that Fell has the non-severe impairments of: history of alcohol disorder with dependence/alcoholism; history of G.I bleed with iron deficiency anemia with splenic vein thrombosis; and history of psoriasis. (R. 13). The ALJ further found that Fell has the following severe impairments: history of bilateral hip osteoarthritis, status post right total hip arthroplasty in 2019, and status post left total hip arthroplasty in April 2021; insulin-dependent diabetes; chronic obstructive pulmonary disease (COPD)/emphysema; history of lumbar spine fusion surgery; history of recurrent pancreatitis due to alcohol usage; bipolar disorder, generalized anxiety disorder, and post-traumatic stress disorder. (R. 14).

At step three, the ALJ found that Fell did not have "an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926)". (R. 14).  At step four, the ALJ found that Fell had the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except standing/walking, in combination, is limited to four out of eight hours in an eight hour workday; only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; never climbing ladders, ropes, or scaffolds; needs to avoid concentrated exposure to wetness, pulmonary irritants, including fumes, odors, dust, gases, poorly ventilated areas and chemicals, as well as hazards, including operational control of dangerous moving machinery, unprotected heights, slippery/uneven/moving surfaces. Mentally, the claimant is limited to understanding, remembering and carrying out simple routine repetitive tasks, consistent with unskilled work (defined as occupations that can be fully learned within a short period of time no more than 30 days, and requires little or no judgment to perform simple tasks), with the ability to sustain those tasks throughout the eight-hour workday without frequent redirection to task; the ability to use judgment in making work-related decisions is limited to making only simple work-related decisions; no sudden or

>unpredictable workplace changes in terms of use of work tools, work processes, or work settings, and if there are workplace changes, they are introduced gradually; work that does not require satisfaction of strict or rigid production quotas, does not involve assembly line pace work or hourly quota work; and only superficial interactions with supervisors, coworkers, and the general public, defined as occasional and casual contact with no prolonged conversations and contact with supervisors is short but allows the supervisors to give instructions.

(R. 19).

Also at step four, the ALJ found that Fell is unable to perform any past relevant work, but that considering his age (46 on the alleged disability onset date), education (has at least a high school education), work experience, and RFC, there are jobs that exist in significant numbers in the national economy that Fell can perform. (R. 21-22).

*The ALJ's Evaluation of Fell's Mental Impairments and Limitations*

Fell argues that the ALJ erred in determining his mental limitations, failed to rely on any mental health provider opinions, and "played doctor" when determining his RFC. Fell also contends that the ALJ should have requested a consultative psychological evaluation.

A review of the Decision and the evidence shows that there are no medical opinions in the record other than the reviewing state-agency doctors' evaluation of Fell's disability claim. (Ex. C6A, C7A, 38A). There are numerous medical records in evidence, which the ALJ cited extensively. (R. 18-21). However, the ALJ did not individually discuss any of the medical records but merely briefly summarized them to support his conclusions. While state agency doctors, J.V. Corcoran, M.D. and J. Sands, M.D. reviewed the medical evidence and determined that Fell is not disabled, the ALJ failed to discuss and evaluate these determinations.

Under the regulations, an ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),

5

including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). However, the ALJ must explain "how persuasive [he] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Here, the ALJ did not discuss the state agency doctors' opinions and did not explain how persuasive he found these opinions. *See Suide v. Astrue*, 371 F. App'x 684, 690 (7th Cir. 2010)(remanding case because ALJ failed to discuss what weight was given to the medical opinions). Additionally, the ALJ failed to elaborate at all on Fell's medical history in reaching conclusions about the severity of Fell's mental impairments *See Craft v. Astrue*, 539 F.3d 668, 674 (7th Cir. 2008)(explaining that an ALJ must incorporate pertinent findings and conclusions into the written decision); 20 C.F.R. §404.1520a(e)(2).

In the present case, although the ALJ's Decision looks very nice, it is devoid of substance. The Decision fails to discuss any of the medical evidence in any detail, but merely lumps all of the evidentiary exhibits into chain citations. In Social Security Appeal parlance, the Decision lacks the requisite "logical bridge" from the evidence to the conclusions. *Suide, supra*; *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000); *Blakes v Barnhart* 331 F.3d 565, 570 (7th Cir. 2003)(ALJ's are not permitted to "play doctor" by using lay opinions to fill evidentiary gaps in the record). Further, it was the ALJ's responsibility to recognize the need for further medical evaluations before assessing the RFC. *Suide, supra*. In sum, the RFC is not supported by substantial evidence and, thus, this case must be remanded.

Fell also argues that the ALJ erred by failing to consider his mild obesity in combination with his other impairments. The record shows that Fell's BMI was 30.68 on April 13, 2021, and 31.28 on June 18, 2021. (R. 473, 690). As a BMI greater than 30 signifies obesity, Fell's BMI was slightly in the obese range. However, the Commissioner points out that there is no evidence that

Fell was obese for a twelve-month period, and notes that Fell's BMI was below 30 in March and April of 2022. The Commissioner contends that Fell has not made any showing that his obesity led to any limitations. However, important factors in this case are that Fell had a total right hip replacement in August of 2019, had significant knee problems in October of 2019, was noted to be limping on the right side in February of 2020, had a total left hip arthroplasty in April of 2021, and was still walking with a cane in June of 2021. (R. 938, 1033, 1348, 1367). It seems clear that Fell's weight could have an incremental effect on his alleged disabilities and should have been considered in the disability determination process. *Goins v. Colvin*, 764 F.3d 677, 681 (7th Cir. 2014); *Gentle v. Barnhart*, 430 F.3d 856, 868 (7th Cir. 2005). Thus, remand is warranted on this issue as well.

## CONCLUSION

For the reasons set forth above, the Defendants' Decision is REVERSED and this case is REMANDED to the Social Security Administration for further proceedings consistent with this Opinion. The Clerk is directed to enter judgment in favor of Plaintiff and against Defendant Commissioner of Social Security.

SO ORDERED on March 5, 2024.

/s Holly A. Brady
HOLLY A. BRADY, CHIEF JUDGE
UNITED STATES DISTRICT COURT