**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

CHARLES F FELL,

Plaintiff,

v.                                                        CASE NO. 1:23-CV-176-HAB

FRANK BISIGNANO, COMMISSIONER
OF SOCIAL SECURITY,

Defendant.

## <u>OPINION AND ORDER</u>

This matter is before the Court on a Motion for Attorney Fees under 42 U.S.C. § 406(b).

Forbes Rodman P.C. ("Counsel"), the firm which represented Plaintiff Charles F. Fell ("Plaintiff")

before this Court and in subsequent administrative proceedings, asks this Court to approve an

award of attorney fees. (ECF 31).

The Court previously awarded Counsel $10,900 in attorney fees pursuant to the Equal

Access to Justice Act ("EAJA"). (ECF 30). Counsel now asks the Court to award $26,037.74 in

gross attorney fees under § 406(b), roughly equal to 25 percent of Plaintiff's $104,151 in past-due

benefits. (ECF 31, at 3–5). Counsel also requests that the Court direct them to refund Plaintiff the

$10,900 in EAJA fees. The Commissioner of Social Security ("Commissioner") neither supports

nor opposes this motion. The Commissioner only requests, consistent with Counsel's motion, that

the Court order Counsel to refund the EAJA fees to Plaintiff if the motion is granted.

42 U.S.C. § 406 governs fees for attorneys representing Social Security claimants, both

administratively and in federal court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2002). An

attorney who obtains a favorable judgment for a Social Security claimant can obtain "a

*reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due

benefits" awarded to the claimant because of that judgment. 42 U.S.C. § 406(b)(1)(A) (emphasis added).

To determine whether a fee is reasonable, this Court "must begin with the contingency award as its polestar." *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (internal quotations omitted). It must then consider multiple factors to determine whether a requested award should be reduced, including "the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction." *Id.* Put another way, this Court "give[s] primacy to fee agreements" while acting as "'check' on contingent-fee agreements that result in unreasonable fees." *Id.* (quoting *Gisbrecht*, 535 U.S. at 807–08).

Counsel requests $26,037.74 in fees for 42.25 hours of attorney work and 5.75 hours of paralegal work. This would result in an effective attorney hourly rate of $599.95 per hour. The $26,037.74 figure equals 25 percent of Plaintiff's past-due benefits, the maximum allowed for representation in court under § 406 minus one cent. With that in mind, the Court must next determine whether this request is reasonable. It is.

While Counsel's motion does not indicate Plaintiff's express satisfaction, it can be implied. Plaintiff was initially denied benefits. Counsel successfully reversed that result. To do so, Counsel represented Plaintiff before this Court and in administrative appeals for nearly three years. Plaintiff is now entitled to $104,151 in past-due benefits. (ECF 31-5, at 4). This would not have occurred without Counsel's successful representation.

Other factors also point to the fees request being reasonable. There is no evidence Counsel delayed or overreached in this case. By representing Plaintiff on contingency, Counsel also assumed

considerable risk of financial loss. The effective hourly rate Counsel requests is well within the range of past awards approved in this jurisdiction.[1]

Accordingly, the First Motion for Attorney Fees (ECF 31) is GRANTED. The Commissioner shall pay Counsel a gross attorney fee award in the amount of $26,037.74 pursuant to 42 U.S.C. § 406(b). The Court further ORDERS that Counsel refund to Plaintiff an amount equal to the previously awarded EAJA fees of $10,900.

**SO ORDERED** on April 21, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

---

[1] *See, e.g.*, *Sholl v. Comm'r of Soc. Sec.,* No. 1:22-CV-00042-SLC, 2025 WL 1778711, at *4 (N.D. Ind. June 27, 2025) (awarding a fee equating to $657.23 per hour); *Hughes v. O'Malley*, No. 1:20-CV-369-TLS-SLC, 2024 WL 1071059, at *1 (N.D. Ind. Feb. 6, 2024) (awarding a fee equating to $484.74 per hour); *Mitchell v. Comm'r of Soc. Sec.*, No. 1:20-cv-00490-SLC, 2024 WL 228037, at *4 (N.D. Ind. Jan. 22, 2024) (awarding fee equating to $603.14 per hour).